**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRENCE MARSHALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 4:26-cv-01493** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GOJET AIRLINES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Terrence Marshall ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against GoJet Airlines, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination, harassment, and retaliation.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

4. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under Section 1981 and Title VII have occurred or been complied with.

6. Plaintiff filed a charge of discrimination on the basis of race, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Terrence Marshall, resides in Cook County, in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, GoJet Airlines, LLC is a limited liability company doing business and intentionally seeking out employees, customers, and business in the State of Missouri, whose principal place of business is located at 11495 Navaid Rd, Bridgeton, MO 63044-2335.

11. Defendant engaged in and benefitted from interstate commerce within the State of Missouri.

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII and Section 1981 and has been engaged in an industry affecting commerce within the meaning of Title VII. and 42 U.S.C. § 12111(5)(A).

13. Plaintiff was employed by Defendant as an "employee" within the meaning of Title VII and Section 1981, and 42 U.S.C §2000e(f).

## BACKGROUND FACTS

14. Plaintiff was employed by Defendant as a flight attendant from on or about April 21, 2026 until his termination on or about May 11, 2026.

15. Plaintiff is an African American man.

16. Plaintiff is a member of a protected class due to his race (African American).

17. Throughout Plaintiff's employment, Plaintiff performed the duties of his position and met Defendant's legitimate business expectations.

18. From Plaintiff's first day of training, without provocation, his instructor, Margaret (LNU), began yelling and screaming at Plaintiff in front of the class.

19. Margaret is an Indian woman.

20. Plaintiff was the only Black African American male in the class.

21. The yelling and screaming were directed solely toward Plaintiff.

22. No one outside of Plaintiff's protected class (non-African American) was talked to in the same aggressive manner.

23. Margaret's yelling, hostility, and public humiliation of Plaintiff continued repeatedly throughout his training.

24. The hostile treatment was particularly directed toward Plaintiff when he asked questions regarding safety concerns and training procedures.

25. During his training, Plaintiff raised concerns regarding the treatment he was experiencing.

26. In or around April 2026, Plaintiff explained to another instructor, Rachael (LNU), that he felt targeted.

27. Plaintiff explained to Rachael that he was being yelled at and publicly humiliated within his class.

28. Plaintiff further told Rachael that he felt this was due to his race.

29. Plaintiff was making a complaint of race-based discrimination and harassment.

30. Plaintiff was therefore engaging in protected activity.

31. Plaintiff was told that he should first talk with Margaret and if it could not be worked out, Plaintiff could report the issue Christine (LNU), the director.

32. Defendant did not investigate Plaintiff's complaint of race-based discrimination and harassment.

33. Plaintiff then spoke to Margaret about the treatment and how it was making him feel.

34. At the time Plaintiff spoke to Margaret, another employee, Robert (LNU), was also in attendance.

35. Plaintiff attempted to explain that the public yelling was degrading and insulting, further that it seemed to be connected to his race.

36. Margaret responded dismissively, stating "you have not seen yelling yet" and dismissed Plaintiff.

37. By making this complaint directly to Margaret Plaintiff was again engaging in protected activity.

38. Despite Plaintiff raising his concerns, the hostile treatment continued.

39. Plaintiff also raised concerns regarding the lack of a Human Resources department.

40. Plaintiff continued to experience hostility when asking basic safety-related questions.

41. On or about May 11, 2026, Plaintiff received a write-up for not having his badge.

42. When Plaintiff returned to class Margaret yelled at him publicly again.

43. During that incident, Margaret slammed her hand on the desk and left to get Christine.

44. Later that same day, Christine approached Plaintiff, told him to collect his things, and brought Plaintiff into a separate office.

45. Christine, who is Caucasian, began to scream and yell at Plaintiff.
46. Plaintiff was shocked at this response.
47. Plaintiff asked to speak with someone from Human Resources.
48. Christine then began to claim Plaintiff was a "threat" and called the police to detain Plaintiff.
49. The police then arrived and began to question Christine and Plaintiff.
50. The police responded, confused, and asked where the threat was.
51. During the conversation, Plaintiff stated that he strongly felt that he was being targeted because he was Black.
52. Plaintiff also stated that he believed he was being targeted because he was the only Black man in the class.
53. Christine and Defendant's Security Supervisor (name unknown), who is Caucasian, responded by telling Plaintiff that he was "playing the race card."
54. Christine further stated that this was something "you people" do.
55. During that same conversation, Christine terminated Plaintiff's employment.
56. Once terminated, Christine then requested the police to remove Plaintiff for trespassing.
57. Plaintiff then calmly walked with the police who waited with him as he left.
58. Plaintiff returned to his hotel which he was using for the training with Defendant.
59. Hotel staff stopped Plaintiff and questioned him.
60. Plaintiff was told that Defendant had called the hotel and informed them that Plaintiff was a security threat.
61. The hotel staff, confused by the instruction after getting to know Plaintiff while he stayed at the hotel, did not assign security to watch Plaintiff.
62. Following his termination, Plaintiff sent two emails documenting and recapping the

discrimination, harassment, and retaliation he had experienced.

63. Plaintiff sent these emails to Tamela Hoevel, the Director of In-flight Services.

64. Another African American trainee, Amia (LNU), also reported experiencing similar treatment.

65. Additionally, coworkers submitted letters supporting Plaintiff's claims.

66. Those letters corroborated the discriminatory and harassing treatment Plaintiff experienced.

67. Plaintiff was discriminated against and harassed because of his race.

68. Plaintiff further alleges that he was retaliated against for engaging in protected activity.

69. Plaintiff engaged in protected activity by complaining of the race-based discrimination and harassment.

70. Defendant retaliated against Plaintiff because he engaged in protected activity.

71. Defendant subjected Plaintiff to unlawful race discrimination, harassment, and a hostile work environment.

72. Plaintiff suffered multiple adverse employment actions including, but not limited to termination.

73. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, humiliation, mental anguish, and other compensable damages.

74. Defendant's discrimination, harassment, and retaliation against Plaintiff, coupled with Defendant's termination of Plaintiff, took a heavy mental toll on Plaintiff, who suffered and continues to suffer severe mental anguish and distress.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

75. Plaintiff repeats and re-alleges paragraphs 1-74 as if fully stated herein.

76. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of

all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

77. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

78. Plaintiff met or exceeded Defendant's performance expectations throughout his employment.

79. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

80. Defendant's unlawful conduct resulted in considerable harm and adverse employment action, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

81. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.**
**(Race-Based Discrimination)**

82. Plaintiff repeats and re-alleges paragraphs 1-74 as if fully stated herein.

83. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

84. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §2000e, et seq., due to his race, African American.

85. Defendant discriminated against Plaintiff due to his race.

86. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

87. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

88. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

89. Plaintiff repeats and re-alleges paragraphs 1-74 as if fully stated herein.

90. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

91. Defendant knew or should have known of the harassment.

92. The race-based harassment was severe or pervasive.

93. The race-based harassment was offensive subjectively and objectively.

94. The race-based harassment was unwelcomed.

95. The race-based harassment created a hostile work environment that left Plaintiff feeling targeted and threatened his livelihood.

96. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African American.

97. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

98. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

99. Plaintiff repeats and re-alleges paragraphs 1-74 as if fully stated herein.

100. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

101. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to supervisors, management, and other personnel of race-based discrimination and harassment.

102. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

103. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based discrimination and harassment.

104. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

105. Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity, including but not limited to termination.

106. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting race-based discrimination and harassment, thereby violating the Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq*.

107. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

108. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorney fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of September, 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**

IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*